IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:16-cr-00123-TWP-DML-01 |
| ) | |
| RAFAEL ROJAS-REYES, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS CELL SITE RECORDS

I. INTRODUCTION

Defendant, Rafael Rojas-Reyes, has filed a Motion to Suppress cellular site records for telephone numbers 317-832-8595 and 317-935-0772 used by Rafael Rojas-Reyes based upon a violation of the Fourth Amendment to the United States Constitution. This Memorandum in submitted in support of the Motion to Suppress.

II. FACTS

On June 7, 2016, Rafael Rojas-Reyes was indicted for numerous drug related offenses by the Federal Grand Jury in the Southern District of Indiana. During the Government's investigation of Mr. Rojas-Reyes the United States Attorney's Office for the Southern District of Indiana obtained cellular site records, subscriber information and call detail for telephone numbers 317-832-8595 and 317-935-0772 used by Rojas-Reyes pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and 2703(d) commonly referred to as the Stored Communications Act. As evidenced by the recently filed Government's Notice Regarding Expert Witnesses (Document 572) the government intends to use this cell site location information at trial.

### III. BURDEN

The government has the burden of demonstrating the legality of a warrantless search. *United States of America v. Longmire*, 761 F. 2d 411, 417 (7th Cir. 1985).

### IV. ARGUMENT

The United States Supreme Court in <u>Carpenter v. United States</u>, 2018 U.S. Lexis 3844(2018) decided on June 22, 2018 declared that the Government's use of the Stored Communications Act, 18 U.S.C. 2703, to obtain cell site location information was a search and as such required that the Government comply with the Fourth Amendment to the United States Constitution. Compliance with the Fourth Amendment requires that absent an exception or exigent circumstances the government is required to obtain a probable cause warrant in order to obtain cell site location information. In the instant case the Government used the Stored Communications Act to obtain cell site location information for telephone numbers 317-832-8595 and 317-935-0772 used by Rojas-Reyes. The government did not obtain a warrant as required by the Fourth Amendment. The pertinent facts in the instant case are virtually identical to the facts in <u>Carpenter</u>. The cell site location information for cell phone numbers 317-832-8595 and 317-935-07712 was obtained in violation of the defendant's Fourth Amendment right to be free from unreasonable search and seizure.

### V. CONCLUSION

Based upon the foregoing facts and law, the cellular site records for telephone numbers 317-832-8595 and 317-935-0772 should be suppressed.

                    Respectfully submitted,

                    By: /s/ Richard L. Ford
                          Richard L. Ford
                          Atty. No. 6925-49
                          Attorney for Rafael Rojas-Reyes

## CERTIFICATE OF SERVICE

      I hereby certify that on July 3, 2018, a copy of the foregoing Memorandum in Support of Motion to Cell Site Records was filed electronically.  Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the court system.

                    /s/ Richard L. Ford
                      Richard L. Ford

141 E. Washington St., Suite 200
Indianapolis, IN  46204
(317) 920-9720
Fax (317) 920-9726
Email:  rlfatty@gmail.com
RFL/agm