UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00123-TWP-DML |
| | ) | |
| RAFAEL ROJAS-REYES, | ) | -01 |
| HECTOR SAUL CASTRO-AGUIRRE | ) | |
|    a/k/a CHAPITO | ) | |
|    a/k/a CHAPO, | ) | -07 |
| JOHN RAMIREZ-PRADO, and | ) | -10 |
| JOSE MANUEL CARRILLO-TREMILLO | ) | |
|    a/k/a MECHE, | ) | -15 |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT ROJAS-REYES' MOTION TO SUPPRESS**

This matter is before the Court on a Motion to Suppress Cell Site Records filed by Defendant Rafael Rojas-Reyes ("Rojas-Reyes") (Filing No. 579). Rojas-Reyes is charged with conspiracy to distribute controlled substances, money laundering, distribution and possession of controlled substances, and continuing criminal enterprise. He asks the Court to conduct a hearing on his Motion and to suppress the cellular site records for telephone numbers 317-832-8595 and 317-935-0772. On July 16, 2018, Defendant Hector Saul Castro-Aguirre filed a Motion to Join Defendant Rojas-Reyes' Motion to Suppress Cell Site Record (Filing No. 603). Castro-Aguirre's request to join is **granted**. On July 17, 2018, Defendant Jose Carrillo-Tremillo filed a Motion to Suppress Cell Site Records (Filing No. 609), wherein he joins in Rojas-Reyes' motion to suppress. For the reasons stated below, Rojas-Reyes and Carillo-Tremillo's Motions to Suppress are **denied**.

## I.  FINDINGS OF FACT AND CONCLUSION OF LAW

In his memorandum in support of his Motion, Rojas-Reyes explains that the Government obtained cellular site records for his telephone numbers pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and 2703(d), commonly referred to as the Stored Communications Act, and the Government intends to use this cellular site location information at trial. Rojas-Reyes argues,

> The United States Supreme Court in Carpenter v. United States, 2018 U.S. Lexis 3844(2018) [sic] decided on June 22, 2018 declared that the Government's use of the Stored Communications Act, 18 U.S.C. 2703, to obtain cell site location information was a search and as such required that the Government comply with the Fourth Amendment to the United States Constitution. Compliance with the Fourth Amendment requires that absent an exception or exigent circumstances the government is required to obtain a probable cause warrant in order to obtain cell site location information. In the instant case the Government used the Stored Communications Act to obtain cell site location information for telephone numbers 317-832-8595 and 317-935-0772 used by Rojas-Reyes. The government did not obtain a warrant as required by the Fourth Amendment. The pertinent facts in the instant case are virtually identical to the facts in *Carpenter*. The cell site location information for cell phone numbers 317-832-8595 and 317-935-07712 [sic] was obtained in violation of the defendant's Fourth Amendment right to be free from unreasonable search and seizure.

(Filing No. 580 at 2.) Rojas-Reyes argues that based on these facts and the change in law, the cellular site records for his telephone numbers should be suppressed.

The Government accurately responds that Rojas-Reyes is not entitled to a hearing on his Motion to Suppress because a hearing is not required unless the movant demonstrates a significant factual dispute that must be resolved. *United States v. Sophie*, 900 F.2d 1064, 1071 (7th Cir. 1990); *see also United States v. Moreland*, 703 F.3d 976, 981–82 (7th Cir. 2012) (defendants' request for evidentiary hearing "properly refused because they were unable to specify any assertion in the government's affidavits that they could contest with evidence"). There are no factual disputes to be resolved regarding the Motion to Suppress, so no evidentiary hearing is necessary.

Responding to the merits of the Motion to Suppress, the Government contends that it obtained cellular site records for two telephone numbers used by Rojas-Reyes. The evidence was obtained pursuant to the Stored Communications Act, which allows for the discovery of these records when the Government "offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). After the Government met this standard, the Magistrate Judge signed orders authorizing the Government to obtain the cellular site records. The Government's applications and the Magistrate Judge's Orders were issued in July 2016.

Almost two years later, the United States Supreme Court ruled that the Government may not use the Stored Communications Act to obtain cellular site records because such conduct constitutes a "search," implicating the Fourth Amendment and its probable cause standard. *United States v. Carpenter*, 138 S. Ct. 2206, 2221 (2018). The Supreme Court "conclude[d] that the Government must generally obtain a warrant supported by probable cause before acquiring such records." *Id.* The Supreme Court noted that "warrantless searches are typically unreasonable," and it also pointed out the difference in the standards for a warrant supported by probable cause and an order issued under the Stored Communications Act, the latter requiring a much lower standard. *Id.* In reaching its decision, the Supreme Court reversed the lower court's holding that individuals do not possess a reasonable expectation of privacy in cellular site location data. *Id.* at 2213.

Despite this new direction from the Supreme Court, the Government argues that suppression of the cellular site records is not an appropriate remedy in this case. The Fourth Amendment's exclusionary rule does not apply when law enforcement officers act with the

objectively reasonable belief that their conduct did not violate the Fourth Amendment. *United States v. Leon*, 468 U.S. 897, 918–19 (1984). The Government asserts that, where law enforcement officers act in good faith, courts should not suppress evidence obtained from a Fourth Amendment violation. *Id.* at 918–21.

At the time that it applied for and secured orders from the Magistrate Judge to obtain the cellular site records, the existing legal authority in the Seventh Circuit suggested the Stored Communications Act allowed the Government to obtain cellular site records in criminal investigations. The Government argues, although the Seventh Circuit did not explicitly determine whether cellular site records implicate the Fourth Amendment, in 2014 the court indicated *in dicta* that it had "not found any federal appellate decision accepting [the] premise that obtaining cell-site data from telecommunications companies . . . raises a concern under the Fourth Amendment." *United States v. Thousand*, 558 Fed. Appx. 666, 670 (7th Cir. 2014). The Government also points to a 2015 case from the Northern District of Illinois, wherein the court determined obtaining cellular site evidence under the Stored Communications Act was permissible. *See United States v. Lang*, 78 F. Supp. 3d 830, 833–36 (N.D. Ill. 2015).

The Government argues the cellular site records should not be suppressed because the good faith doctrine prevents the exclusionary rule from applying to suppress evidence obtained by an officer acting in objectively reasonable reliance on a statute that is subsequently declared unconstitutional. *Illinois v. Krull*, 480 U.S. 340, 349–53 (1987). To bolster this argument, the Government points out that other circuit courts of appeal have held that the good faith exception to the exclusionary rule applies when the Government used an order under the Stored

Communications Act to obtain cellular site records. *See Davis v. United States*, 785 F.3d 498, 518 n.20 (11th Cir. 2015); *United States v. Pembrook*, 876 F.3d 812, 823 (6th Cir. 2017).[1]

Alternatively, the Government asserts that the § 2703 applications submitted to obtain the cellular site records would have supported a finding of probable cause. It argues that probable cause existed to believe that Rojas-Reyes used both telephone numbers to engage in criminal activity because he used both telephones to facilitate controlled purchases of methamphetamine. (Filing No. 592-1 at 2–4; Filing No. 592-3 at 2–6); *see United States v. Dumes*, 313 F.3d 372, 379–80 (7th Cir. 2002) (use of cellular telephone in conjunction with controlled purchases of drugs generates probable cause to support application for wire surveillance over telephone). Because the factual evidence set forth in the § 2703 applications supports a finding of probable cause, any error with obtaining authorization under the Stored Communications Act does not affect the substantive legal rights of Rojas-Reyes.

The Government notes that it has recently applied for and obtained search warrants for the same cellular site records that it seeks to introduce at trial (*see* Filing No. 592-5; Filing No. 592-6; Filing No. 592-7; Filing No. 592-8).[2] The Government asserts,

> The affidavits submitted in support of the new search warrant clearly establish probable cause. (*Id.*) Not only does the government's decision to seek a search warrant after the Supreme Court's ruling in *Carpenter* demonstrate the government's good faith in this matter, but it renders any errors stemming from its previous reliance upon the Stored Communications Act moot.

(Filing No. 592 at 4.)

---

[1] The Government also cites to *United States v. Graham*, 824 F.3d 421, 424, n.1 (4th Cir. 2016), but that court determined that obtaining cellular site records did not violate the Fourth Amendment, and application of the good faith exception was noted only in a dissenting opinion.

[2] In his Reply Brief, the Rojas-Reyes objects to the Government's use of these four exhibits because these applications and Orders were filed and issued "long after the original warrantless searches [were] conducted by the Government and subsequent to the filing of Defendant's Motion to Suppress." (Filing No. 597 at 3–4.) Rojas-Reyes' argument is well-taken, and the Court has not considered these exhibits when deciding the Motion to Suppress.

In reply, Rojas-Reyes asserts that the Supreme Court did not address the good faith exception in the *Carpenter* decision; however, pending before the Seventh Circuit Court of Appeals is the case of *United States v. Curtis*, No. 17-1833, which was argued on March 27, 2018, but has not yet been decided. *Curtis* involves the constitutionality of the Stored Communications Act and the good faith exception. Rojas-Reyes asserts that *Leon* and *Krull*, upon which the Government relies, are not applicable to the facts of this case because, in this case, there was no probable cause warrant issued that was later deemed to be defective. Additionally, Rojas-Reyes distinguishes this case from *Krull* based on the facts in *Krull* involving a statute that authorized warrantless administrative searches under the Illinois Vehicle Code.

The Court agrees with the Government's argument concerning the application of the good faith exception to the exclusionary rule. The good faith doctrine is well-established. In *United States v. Leon*, the Supreme Court explained in great detail the purpose of the exclusionary rule and also established the good faith exception to the exclusionary rule. 468 U.S. at 918–23. The Fourth Amendment's exclusionary rule does not apply when law enforcement officers acted in good faith with the objectively reasonable belief that their conduct did not violate the Fourth Amendment. Soon after the Court's decision in *Leon*, the Supreme Court further explained that the exclusionary rule does not apply to suppress evidence when the Government obtained the evidence while acting in objectively reasonable reliance on a statute that was subsequently declared unconstitutional. *Krull*, 480 U.S. at 349–53.

In this case, the Government submitted its § 2703 applications to the Magistrate Judge to obtain the cellular site records in accordance with the procedures required by the Stored Communications Act. After reviewing the applications, the Magistrate Judge issued § 2703 Orders, pursuant to which the Government obtained cellular site records from Rojas-Reyes's cell

phone service provider. In July 2016, when the applications were filed and the Orders were issued, there was no precedent that required requests for cellular site records to be supported by probable cause and the issuance of a warrant.

The distinctions between this case and *Leon* and *Krull* made by Rojas-Reyes do not undermine the applicability of the good faith exception in this case. Whether the Government was objectively reasonable when it sought and obtained the cellular site records is still the pertinent inquiry regardless of whether the search was administrative or whether an invalid warrant was issued. Based on the legal precedent and the Stored Communications Act, in this case, the Government acted in an objectively reasonable manner and in good faith in 2016 when it applied for and secured § 2703 orders from the Magistrate Judge.

## II.  SEALED FILINGS

The Government asks the Court to permit it to file its Response Brief and SurResponse Brief, ([Filing No. 592](#) and [Filing No. 601](#)), under seal because of the confidential nature of the information pertaining to cooperating witnesses contained in the exhibits. Rojas-Reyes has filed his Reply Brief under seal ([Filing No. 597](#)). Local Rule 49.1-2(d) requires that a motion to seal be filed separately. The Government's exhibits to their Response Brief contain confidential information which may be maintained under seal, upon the filing of an appropriate motion. The Government is given **seven (7) days from the date of this Order** to file a motion to maintain [Filing No. 592](#) under seal. The Government's SurResponse and Rojas-Reyes' Reply brief do not appear to contain any confidential information. Counsel also have **seven (7) days from the date of this Order** to file a motion to maintain [Filing No. 597](#) and [Filing No. 601](#) under seal, if sealing is warranted. If no such motions are filed, the seals will be lifted on day eight.

### III.  CONCLUSION

Defendant Hector Saul Castro-Aguirre's Motion to Join Defendant Rojas-Reyes' Motion to Suppress Cell Site Record, (Filing No. 603), is **GRANTED**[3]. The Court determines that it was objectively reasonable for the Government to seek and obtain Rojas-Reyes' (and the joining defendants) cellular site records pursuant to the statutory mechanism by which obtaining such information was accomplished in 2016.  Accordingly, the good faith exception to the exclusionary rule applies in this case, and Rojas-Reyes', Castro-Aguirre's and Carrillo-Tremillo's Motions to Suppress (Filing No. 579, Filing No. 609) are **DENIED**.

**SO ORDERED.**

Date:  7/17/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[3] The Court notes that Defendant John Ramirez-Prado has also filed a motion to suppress and request for a hearing on the same basis as asserted by Rojas-Reyes (s*ee* Filing No. 594).  The Government has not yet filed a response and this motion and its joinder can be discussed at the final pretrial conference.

DISTRIBUTION:

Richard L. Ford
ATTORNEY AT LAW
rlfatty@gmail.com

Andrew J. Borland
LAW OFFICE OF ANDREW BORLAND
ajb@indianapolisdefense.com

Larry R. Champion
MEILS THOMPSON DIETZ & BERISH
lchampion@meilsattorney.com

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov