UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:16-cr-00123-TWP-DML |
| RAFAEL ROJAS-REYES, | ) | -01 |
| HECTOR SAUL CASTRO-AGUIRRE | ) | |
| a/k/a CHAPITO | ) | |
| a/k/a CHAPO, | ) | -07 |
| JOHN RAMIREZ-PRADO, and | ) | -10 |
| JOSE MANUEL CARRILLO-TREMILLO | ) | |
| a/k/a MECHE, | ) | -15 |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTIONS IN *LIMINE*

This matter is before the Court on two Motions in *Limine* filed by Defendant Rafael Rojas-Reyes ("Rojas-Reyes") ([Filing No. 581](); [Filing No. 582]()), regarding the exclusion of testimony and evidence concerning the Sinaloa Cartel. Co-defendant Jose Manuel Carrillo-Tremillo ("Carrillo-Tremillo") joined in the Motions ([Filing No. 610]()). During the final pretrial conference, co-defendants Hector Saul Castro-Aguirre ("Castro-Aguirre") and John Ramirez-Prado orally moved to join in the Motions, which the Court granted. Collectively, the four defendants proceeding to trial are referred to as the Defendants. The Government filed its Response Brief opposing the Motions in *Limine* on July 25, 2018 ([Filing No. 628]()). For the following reasons, the Court **denies** the Motions in *Limine*.

### I. LEGAL STANDARD

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp.

1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

The Defendants are charged with conspiracy to distribute controlled substances, money laundering, distribution and possession of controlled substances, and continuing criminal enterprise. Count One of the Second Superseding Indictment charges the Defendants and others with Conspiracy to Distribute Controlled Substances in violation of 21 USC § 846. ([Filing No. 416](#).) In the first Motion in *Limine*, the Defendants ask the Court to exclude any evidence and argument regarding the kidnapping and murder of Angel Barrios-Moreno and two others by the Sinaloa Cartel as set out as an overt act in Paragraph 17 of Count One. *Id*. at 10. They argue that this evidence is irrelevant to the issue of each Defendant's knowledge and intent to commit the charged offenses. If deemed relevant, the Defendants argue that any probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury, under Rule 403 of the Federal Rules of Evidence. ([Filing No. 581.](#))

Similarly, in the second Motion in *Limine*, the Defendants ask the Court to exclude any evidence and argument regarding the Sinaloa Cartel in general. The Defendants argue that the operation and activities of the Sinaloa Cartel are not relevant to the issue of each Defendant's knowledge and intent to commit the charged offenses. They also argue that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues,

2

and misleading the jury. They conclude that it would not be an abuse of the Court's discretion to exclude this evidence and argument. (Filing No. 582.)

In response to the Motions in *Limine*, the Government explains that one cooperating witness will identify Rojas-Reyes, Castro-Aguirre, and Carrillo-Tremillo as members of the Sinaloa Cartel, and a second cooperating witness will identify Castro-Aguirre as a member of the Sinaloa Cartel. The Government further explains that both of these cooperating witnesses will identify unindicted co-conspirator Angel Barrios-Moreno as a member of the Sinaloa Cartel. The cooperating witnesses are expected to testify that they participated in the activities of the Sinaloa Cartel by transporting methamphetamine from the Western United States to cities throughout the Midwest and Eastern United States.

The Government asserts that it will present testimony from DEA Special Agent Joshua Cluff about the Sinaloa Cartel's drug smuggling activities into Arizona and the Pacific Coast, and trial testimony is expected to establish that the drugs involved in this case came from Arizona and the Pacific Coast. The Government argues that "evidence of the *modus operandi* of the Sinaloa Cartel will help the jury understand the manner in which drug traffickers operate and thus help the jurors understand the testimony that they will receive in this case." (Filing No. 628 at 3.)

The Government notes that the Seventh Circuit has held evidence of gang membership is relevant to show the existence of a joint venture or conspiracy and the relationships among the members of the joint venture or conspiracy, citing *United States v. Alviar*, 573 F.3d 526, 536 (7th Cir. 2009); *United States v. Suggs*, 374 F.3d 508, 516–17 (7th Cir. 2004); and *United States v. Westbrook*, 125 F.3d 996, 1007 (7th Cir. 1997). The Government acknowledges the Seventh Circuit has expressed concern with the potential abuse of substituting evidence of gang affiliation for evidence of involvement in a drug conspiracy. *Suggs*, 374 F.3d at 517. However, the Seventh

Circuit still allows evidence of gang membership to show the existence of a conspiracy and the relationships among the members of the conspiracy.

The Government intends to offer the proposed evidence to show the Defendants formed part of a network that distributed controlled substances throughout the United States with Angel Barrios-Moreno, as a member of the Sinaloa Cartel, coordinating the activities of individuals who procured drugs from Mexico. The Government contends their evidence will show as follows: Sinaloa Cartel members, Castro-Aguirre, Rojas-Reyes, and Carrillo-Tremillo, organized and distributed drugs from the Western United States to Indiana and Pennsylvania. Although he was not a member of the Sinaloa Cartel, Ramirez-Prado helped transport controlled substances across the United States for the Sinaloa Cartel. The Government argues that evidence of the Defendants' membership in the Sinaloa Cartel helps explain how drug traffickers in different parts of the United States knew each other and how they came to distribute controlled substances together. The Government asserts, it should be allowed to introduce evidence about the existence of the Sinaloa Cartel, the activities of the Sinaloa Cartel, and the membership of Rojas-Reyes, Castro-Aguirre, and Carrillo-Tremillo in the Sinaloa Cartel.

Concerning evidence and argument about the kidnapping and murder of Angel Barrios-Moreno and two others by the Sinaloa Cartel, the Government explains that this evidence is relevant because it will help the jury understand why Rojas-Reyes and Castro-Aguirre needed to obtain new drug sources and why Rojas-Reyes needed to recruit co-defendant Roberto Macias into the conspiracy. The Government argues this evidence will show that high-level members of the Sinaloa Cartel kidnapped Angel Barrios-Moreno and held him hostage pending a $500,000.00 ransom payment to replace lost money. Angel Barrios-Moreno's kidnapping is relevant because his wife asked Castro-Aguirre to collect $250,000.00 to contribute to the ransom money, and

Castro-Aguirre directed Yesenia Samaniego and co-defendant Yesenia Andrade-Guillen to help him collect drug proceeds to help satisfy the ransom payment. ([Filing No. 417 at 17](Filing No. 417 at 17).) The three of them met in Indianapolis, Indiana and collected approximately $250,000.00 from Rojas-Reyes. Then they went to New York where Castro-Aguirre paid an individual whom the high-level members of the Sinaloa Cartel had designated to collect the ransom money.

The Government asserts that Angel Barrios-Moreno's murder is relevant because his murder interrupted the flow of methamphetamine to Rojas-Reyes in Indianapolis. Before Angel Barrios-Moreno's murder, Rojas-Reyes obtained methamphetamine from his Sinaloa Cartel connections which consisted of Angel Barrios-Moreno procuring the drugs in Mexico and directing individuals to transport them into the United States where Castro-Aguirre then used his drug couriers to deliver the methamphetamine to Indianapolis. Thus, Angel Barrios-Moreno's murder disrupted Rojas-Reyes' methamphetamine trafficking business.

The Government argues the evidence will show, because of this disruption in his drug supply, Rojas-Reyes sent a new drug courier, co-defendant Roberto Macias, to Arizona to obtain methamphetamine. The Government explains that, while Roberto Macias was waiting in Arizona, Rojas-Reyes received thirty pounds of methamphetamine from a new connection in Arizona and another thirty pounds from new associates of Castro-Aguirre. Then Rojas-Reyes used Roberto Macias to transport the sixty pounds of methamphetamine back to Indianapolis. Angel Barrios-Moreno's murder required Rojas-Reyes and Castro-Aguirre to seek out new drug sources and new drug couriers.

> The Government concludes that this evidence is relevant because,
>
> Without hearing evidence of Barrios-Moreno's death, the jury would not understand why Rojas-Reyes and Castro-Aguirre needed to obtain these new sources and why Rojas-Reyes needed to recruit Macias into the conspiracy. The murder of Barrios-Moreno, therefore, provides essential background information

to explain the conduct of the defendants during the conspiracy, as well as the manner and means by which the conspiracy operated.

(Filing No. 628 at 9–10).

As noted above, the Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. Such is not the case with the evidence concerning the Sinaloa Cartel and the kidnapping and murder of Angel Barrios-Moreno. Three of the four Defendants proceeding to trial are allegedly members of the Sinaloa Cartel, and evidence of their common membership in the Sinaloa Cartel may support the charge of conspiracy. Angel Barrios-Moreno's kidnapping and murder appears to provide circumstantial evidence regarding the activities of some of the Defendants during the course of the charged conspiracy and the reasons for those activities. Accordingly, the Court finds the proposed evidence is relevant to show the nature of the conspiracy and relationships among the members of the conspiracy.

The Court now considers the final hurdle, the balancing test of Rule 403. Relevant evidence should be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rule of Evidence 403.

The Government argues the Defendants will not be prejudiced by the introduction of evidence about the kidnapping and murder because the Government will not offer any evidence suggesting that any of the Defendants on trial either participated in the murder or sanctioned the murder. The evidence will actually place all the trial Defendants in the United States at the time of the kidnapping and murder. It will also show that Rojas-Reyes and Castro-Aguirre tried to prevent the murder by collecting money to pay the ransom. Thus, the Government asserts, there is no unfair prejudice by the introduction of this evidence.

As an additional precaution, the Government has offered to stipulate that the Defendants on trial did not participate in the murders or the planning of the murders. It also suggests that the Court issue a jury instruction explaining that evidence of the kidnapping and murder was admitted solely as background context for the actions of the Defendants during the conspiracy and that no evidence exists to suggest that the Defendants on trial played any part in planning or committing the murders.

Upon review of the Defendants' and Government's arguments, the Court concludes that the Government's position and arguments are well-taken and excluding this evidence would not be appropriate. With the proper limiting instructions, the probative value of the proffered evidence would substantially outweigh the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting time. Because of the potential for prejudice arising from the evidence about Angel Barrios-Moreno's kidnapping and murder, the Court **ORDERS** the Government to tender a proposed limiting instruction that can be read to the jury at the time this evidence is introduced and a proposed final jury instruction regarding this evidence. The Government should tender these documents no later than **Wednesday, August 1, 2018**.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendants' Motions in *Limine* ([Filing No. 581](); [Filing No. 582]()).  A ruling on a motion in *limine* is not final.  If during the course of the trial, any counsel believes this ruling should be altered, counsel may approach the bench and request a hearing outside the presence of the jury. The Government may admit evidence of the Sinaloa Cartel and Angel Barrios-Moreno's kidnapping and murder, solely to support the charge of conspiracy and subject to appropriate limiting instructions.

**SO ORDERED.**

Date: 7/30/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard L. Ford
ATTORNEY AT LAW
rlfatty@gmail.com

Andrew J. Borland
LAW OFFICE OF ANDREW BORLAND
ajb@indianapolisdefense.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Larry R. Champion
MEILS THOMPSON DIETZ & BERISH
lchampion@meilsattorney.com

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov